# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ABDOLKARIM KARGOZAR VAGHTSHENAS | § § | |
| v. | § § | Civil Action No. 4:16-CV-179 (Judge Mazzant/Judge Nowak) |
| INTERNATIONAL BUSINESS MACHINES CORPORATION | § § § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On February 8, 2017, the report of the Magistrate Judge (Dkt. #19) was entered containing proposed findings of fact and recommendations that Defendant International Business Machines Corporation's ("Defendant") Motion to Dismiss Based on Plaintiff's Failure to Exhaust Administrative Remedies (Dkt. #8) be granted. Having received the report and recommendation of the Magistrate Judge (Dkt. #19), having considered Plaintiff Abdolkarim Kargozar Vaghtshenas's ("Plaintiff") timely filed objections (Dkt. #21), Defendant's Response to Plaintiff's Objections (Dkt. #22), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #19) as the findings and conclusions of the Court.

### BACKGROUND

The underlying facts are set out in further detail by the Magistrate Judge and need not be repeated here in their entirety (*see* Dkt. #19). Accordingly, the Court sets forth herein only those facts pertinent to Plaintiff's objections.

Plaintiff filed the present lawsuit in the 429th District Court, Collin County, Texas, on October 9, 2015, claiming Defendant, his former employer, discriminated against him on the basis of his race and/or gender (Dkt. #3, Exhibit B). Plaintiff also claimed Defendant acted negligently in failing to ameliorate its race and/or gender discrimination (Dkt. #3, Exhibit B). Plaintiff alleges, and Defendant does not contest, Defendant terminated Plaintiff's employment on October 13, 2014, which was 361 days prior to Plaintiff's filing suit in the present case (*see* Dkt. #3, Exhibit B; Dkt. #8 at 2). Plaintiff filed no charge of discrimination with either the Equal Employment Opportunity Commission ("EEOC") or the Texas Workforce Commission ("TWC") prior to filing suit in this case (Dkt. #3, Exhibit B; Dkt. #11 at 1-2; *see also* Dkt. #8 at 1-2; Dkt. #12) and represents he still has not done so (Dkt. #21).

Defendant filed its Motion to Dismiss on March 30, 2016, asserting Plaintiff failed to state a claim upon which relief may be granted because Plaintiff has failed to exhaust his administrative remedies as required by Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the Texas Commission on Human Rights Act ("TCHRA") (Dkt. #8). Defendant argues, as well, that Title VII and the TCHRA preempt Plaintiff's negligence claim (Dkt. #8). Plaintiff filed his Response to Motion to Dismiss (Dkt. #11) on April 15, 2016, and on April 25, 2016, Defendant filed its Reply to Response to Motion to Dismiss (Dkt. #12). The Magistrate Judge entered the report and recommendation on February 8, 2017 (Dkt. #19), recommending dismissal without prejudice of Plaintiff's race and gender discrimination claims and dismissal with prejudice of Plaintiff's negligence claim. Plaintiff timely filed his objections on February 17, 2017 (Dkt. #21), and Defendant filed its Response on February 27, 2017 (Dkt. #22).

# PLAINTIFF'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). The Magistrate Judge's report specifically recommended that (1) "Plaintiff's gender and race discrimination claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted" (Dkt. #19 at 8) and (2) "Plaintiff's negligence claim should be dismissed with prejudice" because it "grows out of the same facts as those that would support Title VII and TCHRA claims of discrimination" (Dkt. #19 at 9). Plaintiff's objections as stated impact only the Magistrate Judge's findings with regard to Plaintiff's discrimination claims. Plaintiff does not object to the Magistrate Judge's finding that the Plaintiff's negligence claim should be dismissed with prejudice because it is preempted by statute (*see* Dkt. #21). As such, and after de novo review of the record, the Court holds that the Magistrate Judge's findings that (1) Plaintiff's negligence claim grows out of the same facts as those supporting his Title VII and/or TCHRA discrimination claims and (2) such a claim is preempted by Title VII and/or the TCHRA are each correct. Accordingly, Plaintiff's negligence claim should be dismissed with prejudice. The Court now turns to Plaintiff's objections to the Magistrate Judge's finding that Plaintiff's case should be dismissed without prejudice[1] for his failure timely to file a charge of discrimination with the

---

[1] The Court notes Plaintiff also complains the Magistrate Judge's dismissal "without prejudice" is troublesome given that Plaintiff complains of discrimination in this case (Dkt. #21 at 2). The Court clarifies for *pro se* Plaintiff that dismissal "without prejudice" merely means that Plaintiff's discrimination claims may later be refiled in a court of competent jurisdiction (if appropriate)—the label "without prejudice" is not a commentary on the content of the case. *See, e.g.*, *Randle v. Quarterman*, No. 3:09–CV–0416–D, 2009 WL 899772, at *2 n.1 (N.D. Tex. Apr. 2, 2009) ("'Without prejudice' means that the dismissal of itself will not prevent petitioner from filing a later federal petition to challenge his conviction. Of course, [a] statute of limitations may bar a later petition if the limitations period is not statutorily or equitably tolled."). In other words, the Magistrate Judge recommended that the Court dismiss Plaintiff's discrimination claims and did so without a finding on the merits that Plaintiff suffered (or did not suffer) discrimination (*see* Dkt. #19).

appropriate agency before filing suit (Dkt. #21); in response Defendant argues "Plaintiff's objections . . . are based on erroneous interpretations of applicable law[,]" citing Title VII and the TCHRA (Dkt. #22 at 1-2).

*Objection:     Dismissal of Discrimination Claims*

Plaintiff argues the Magistrate erred in dismissing his race and gender discrimination claims for his failure timely to file a charge of discrimination with either the EEOC or the TWC (Dkt. #21 at 1). Specifically, Plaintiff contends as he did before the Magistrate Judge that the "EEOC does not prevent Plaintiff [from] fil[ing] any Civil Law Suit directly against [D]efendant[,]" presumably without first obtaining a charge of discrimination (Dkt. #21 at 1). Plaintiff points to his Exhibit 1 in support of this argument, which contains an excerpt from the EEOC's website titled "How to File a Charge of Employment Discrimination" (Dkt. #21, Exhibit 1). Plaintiff also represents he has contacted the EEOC at this point to "escalate" his case, but even now he does not state or show that he has filed a complaint and/or received a right to sue letter (Dkt. #21). Defendant in response posits that, pursuant to Title VII and the TCHRA, Plaintiff must exhaust administrative remedies before he may file suit (Dkt. #22).

Prior to filing a civil action against an employer for purported discrimination, an employee must timely file a complaint and receive a right to sue letter from the appropriate agency (such as the EEOC or the TWC). *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). This timely filing rule is twofold: first, a complainant must file a complaint with the agency "within 300 days after the occurrence of the discriminatory conduct" in order to receive a notice of right to sue, *Burrell v. Crown Cent. Petroleum, Inc.*, 255 F. Supp. 2d 591, 603-04 (2003); in turn, the complainant must then file suit within ninety days of receipt of such notice, *Taylor*, 296 F.3d at

379. Further, timely filing "is not a jurisdictional prerequisite" in this circuit. *Id.*[2] Indeed, equitable doctrines may apply to modify these time periods so that a complainant may bring suit later than permitted where the complainant shows the circumstances call for a departure from the general rule. *Baker v. McHugh*, ___ F. App'x ___, 2016 WL 7046615, at *3 (5th Cir. Dec. 2, 2016) (per curiam) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)). A court accordingly should dismiss without prejudice claims that the complainant failed timely to file before the appropriate agency unless the complainant has shown some equitable modification doctrine applies. *Id.* at *2-3 (affirming dismissal without prejudice where *pro se* litigant pleaded no facts that would support equitable tolling and where litigant had not met the timely filing requirements prior to filing suit); *see also Walker v. Potter*, 348 F. App'x 77, 78-79 (5th Cir. 2009) (per curiam) (affirming dismissal without prejudice but noting district court erred in dismissing under Rule 12(b)(1)).

The period in which Plaintiff could have timely filed a complaint with either the EEOC or the TWC lapsed on August 9, 2015—300 days following his termination. *See Burrell*, 255 F. Supp. 2d at 603-04. Plaintiff filed the instant suit in state court on October 9, 2015—361 days following his termination (*see* Dkt. #3, Exhibit B; Dkt. #8 at 2). Plaintiff does not argue any equitable doctrine should apply to toll the timely filing period, nor does Plaintiff allege or evidence any facts that would permit the Court to find tolling appropriate here (*see* Dkt. #3, Exhibit B; Dkt. #11 at 1-2; *see also* Dkt. #8 at 1-2; Dkt. #12). Plaintiff has failed to exhaust. In light of the foregoing, the Court finds the Magistrate Judge's recommendation that Plaintiff's discrimination

---

[2] The Court notes the Magistrate Judge found that this case does not implicate the broader requirement to exhaust administrative remedies, which arguably *is* jurisdictional in this circuit (*see* Dkt. #19 at 5-6 & 6 n.2). The Court agrees and accordingly does not reach the question of whether a complainant's failure to exhaust administrative remedies in the Title VII context divests the Court of subject matter jurisdiction.

claims be dismissed without prejudice for failure timely to file his complaints before either the EEOC or the TWC correct. The Court overrules Plaintiff's objections.

## CONCLUSION

Having considered each of Plaintiffs' timely filed objections (Dkt. #21), Defendant's Response (Dkt. #22), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #19) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss Based on Plaintiff's Failure to Exhaust Administrative Remedies (Dkt. #8) be **GRANTED**. Plaintiff's race and gender discrimination claims are hereby dismissed without prejudice and Plaintiff's negligence claim is hereby dismissed with prejudice.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
SIGNED this 2nd day of March, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE